UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MALCOLM PERRY,

                Plaintiff,        15 CV 5947 (ARR) (VMS)

    -against-

CITY OF NEW YORK, JOSEPH WELDON,      **AMENDED COMPLAINT**
CHRISTOPHER CRUZADO, and
STEVEN MILLWATER,

                                      **PLAINTIFF DEMANDS**
                Defendants.      **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff Malcom Perry, by his attorneys Lumer & Neville, as and for his amended complaint, hereby allege as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff was an adult male resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Joseph Weldon (Tax Reg.: 942693), was employed by the City of New York as a member of the NYPD. Joseph Weldon is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Christopher Cruzado (Shield 27628), was employed by the City of New York as a member of the NYPD. Cruzado is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant Steven Millwater (Shield 5789), was employed by the City of New York as a member of the NYPD. Millwater is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

8. On February 22, 2015, at or about 6:30 p.m., plaintiff was lawfully walking on Nellis Street in Queens County.

9. Plaintiff had not and was not engaged in any criminal or unlawful activity nor was there any reasonable basis to believe that he was engaged in criminal or unlawful activity.

10. At or about this time, defendant Weldon, and two other officers, believed to be defendants Cruzado and Millwater (collectively, the "individual defendants") were on duty and working in their capacity as members of the NYPD's Queens Gang Unit.

11. Despite the absence of any legal basis to stop or detain plaintiff for any purpose, the individual defendants stopped and seized plaintiff, at which time they demanded his identification and seized his wallet without consent.

12. Notwithstanding that plaintiff did not have any outstanding warrants, was not engaged in any criminal or unlawful activity, and had no contraband or illegal items in his possession, the defendants handcuffed and formally arrested plaintiff.

13. The plaintiff was eventually brought to a local area NYPD station house, where his arrest was processed.

14. After a period of hours, plaintiff, still in defendants' custody, was taken to Central Booking, where he remained in custody for a period of many more hours.

15. While plaintiff was imprisoned by the defendants, Weldon completed arrest paperwork in which he claimed that he personally observed (i) plaintiff spit on the sidewalk, and (ii) plaintiff in the possession of two forged credit cards.

16. Both allegations were false and Weldon, and the other individual defendants, knew them to be false at the time he swore under oath that they were true.

17. Plaintiff did not spit on the sidewalk, or do anything that could reasonably have been misinterpreted as spitting on the sidewalk, and the credit or debit cards in his possession were properly issued to him and were not forgeries.

18. The individual defendants knew and understood that plaintiff had not spit on the sidewalk or engaged in any conduct that would have justified the defendants' initial stop of the plaintiff, much less their subsequent search.

19. Weldon, as the other individual defendants knew he would, forwarded these false allegations to the Queens County District Attorney ("QDA") in order to justify the arrest and to persuade the QDA to commence the plaintiff's criminal prosecution.

20. Weldon, and the other individual defendants, knew and understood that the QDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of his claims and statements, and assuming that all of these factual statements and claims Weldon was relaying were truthful in all material respects.

21. Weldon further knew and understood that he was obligated to provide any and all exculpatory information to the QDA and that he was expected to turn over to or otherwise provide the QDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

22. The other individual defendants knew and understood that they too were obligated to provide any and all exculpatory information to the QDA, such as their knowledge that Weldon's factual allegations were false.

23. As a direct result of these allegations by Weldon, the plaintiff was criminally charged by the QDA and arraigned under docket 2015QN009261 with littering and criminal possession of a forged instrument.

24. On May 11, 2015, all charges were dismissed and the prosecution terminated in plaintiff's favor.

25. The individual defendants intentionally and deliberately gave false

statements to the QDA and/or failed to file accurate or corrective statements or otherwise take action to protect the plaintiff from the false statements made by the other individual defendants, and as a result, the plaintiff' was subjected to criminal process, which continued for nearly six months.

26. At no time prior to or during the encounter did the individual defendants have any lawful basis for stopping and detaining the plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

27. At no time prior to or during the encounter did the individual defendants have sufficient legal cause to search the plaintiff nor was it reasonable for the defendants to believe that such cause existed.

28. At no time prior to or during the encounter did probable cause to arrest the plaintiff exist, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff.

29. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendants.

30. That at all times relevant herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

31. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

32. The individual defendants willfully and intentionally seized and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

33. The individual defendants fabricated evidence by falsely claiming that one or more of the defendants witnessed plaintiff with spitting on the sidewalk.

34. The individual defendants further fabricated evidence by falsely claiming that credit or debit cards in plaintiff's possession were fraudulent, forged, defaced, or stolen, when, in fact, none of the above was true, and there was no lawful basis for arresting plaintiff with respect to the cards in his possession.

35. This fabrication were designed to manufacture a basis for the initial stop and search of the plaintiff, as well as his subsequent arrest. They were forwarded to the QDA and caused plaintiff to be detained further for the purpose of presenting him at arraignment, and resulted in his subsequent imprisonment and prosecution.

36. To the extent that either of the individual defendants did not affirmatively engage in such conduct, that defendant remained aware of these events and facts and failed to take any corrective steps or otherwise intervene in his codefendant's misconduct despite ample opportunity to do so during the time plaintiff was prosecuted.

37. By so doing, the individual defendants fabricated and deliberately withheld evidence and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and prosecution, and to cover up their unlawful conduct, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

38. The individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, (ii) malicious prosecution, and (iii) denial of due process and his right to a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, lost earnings and financial injury, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**

40. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of training and supervision were in place within and provided to members of the NYPD.

42. Defendants had actual or constructive knowledge that there

wasinadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

43. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

44. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

45. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and

supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

46. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated the plaintiff's rights articulated in the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

47. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

48. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

49. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of their constitutional rights.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  New York, New York
         March 27, 2016

                              LUMER & NEVILLE
                              Attorneys for Plaintiff

By: _____
        Michael Lumer (ML-1947)
        225 Broadway, Suite 2700
        New York, New York 10007
        (212) 566-5060